Justice Thomas,
concurring in the judgment.
In resolving this case, the Court applies the Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty., 391 U. S. 563 (1968), line of cases to hold that the Tennessee Secondary School Athletic Association (TSSAA) did not violate Brentwood’s First Amendment rights. Ante, at 299-300. Until today, Pickering governed limitations on the speech rights of government employees and contractors. The Court uproots Pickering from its context and applies it to speech by a private school that is a member of a private athletic association. The need to stretch Pickering to fit this case was occasioned by the Court when it held that TSSAA, a private organization, was a state actor. Brentwood Academy v. Tennessee Secondary School Athletic Assn., 531 U. S. 288 (2001) (Brentwood I). Because Brent-wood I departed so dramatically from our earlier state-action cases, it is unsurprising that no First Amendment framework readily applies to this case. Rather than going through the bizarre exercise of extending obviously inapplicable First Amendment doctrine to these circumstances, I would simply overrule Brentwood I.* See id., at 305-315 (Thomas, J., dissenting).
The Court’s extension of Pickering to this context is therefore unnecessary, but the principal opinion’s application of Ohralik v. Ohio State Bar Assn., 436 U. S. 447 (1978), ante, at 296-299, is outright wrong. For the reasons expressed in Justice Kennedy’s opinion concurring in part and concurring in the judgment, ante, at 304-305 and this page, Ohralik *307 is a narrow rule addressed to a particular context that has no application to the facts of this case. For these reasons, I concur in the Court’s judgment.

 Holding that TSSAA is not a state actor would also resolve Brent-wood’s due process claim.